# CHESHIRE,

## DECEMBER TERM, A. D. 1843.

## BLAKE *vs.* MILLIKEN.

A tenant of land may maintain an action of assumpsit against a cotenant, under the statute of this State passed July 5, 1834, (entitled " An Act relating to copartners, coparceners," &c.) for his proportion of damages caused by cutting timber, although the plaintiff has alienated his interest in the land after the cutting, but before the action was commenced.

Nor is it necessary that all the cotenants at the time of the injury should join in the action ; but each cotenant may have his several action.

But, *it seems* that they *may* join.

*It seems,* that it is not necessary in such an action to prove an actual title in the defendant. His entry, claiming title, is sufficient evidence to make a *prima facie* case against him.

Nor, *it seems,* could the fact that the plaintiff's grantors, before conveying to him, cut more than their proportion of timber, in any way affect his right to maintain the action.

ASSUMPSIT. In this action the plaintiff seeks to recover a proportion of the value of certain timber and wood, cut and carried away by the defendant from a tract of land in Langdon, in the county of Sullivan, at various times between the 17th of May, 1836, and the 30th of October, 1840.

It appeared that, during that period, the plaintiff owned twenty-two sixty-sixths and the defendant one sixty-seventh part of the land on which the timber was cut, as tenants in common. It also appeared that, on the last named day, the plaintiff conveyed all his interest in the said land to one Granger, for whose benefit this action was brought. The writ is dated March 19, 1842. The plaintiff proved a demand for payment made before action brought.

The action was referred to an auditor, who has returned

his report into the court of common pleas, subject to the opinion of this court upon the questions raised therein.

*F. Vose,* for the plaintiff.

*Hubbard,* for the defendant.

PARKER, C. J.  The defendant in this case objects to the acceptance of the auditor's report mainly on the ground that, in an action like this, all the other cotenants should have joined with the plaintiff.  But he also interposes a preliminary objection, viz : that this action, which is brought by virtue of the provisions of the statute of 1834, chap. 164, entitled, " An act relating to copartners, coparceners, joint tenants and tenants in common," (passed July 5, 1834,) is given only to those parties within the scope of that statute, who maintain their relation up to the time at which the action was brought.  We see no ground for sustaining this objection.  On the contrary, the statute does expressly give to any cotenant authority and power " to demand, have and receive, of the person or persons so offending as aforesaid, the full amount of all the damages he may have sustained, by an action of assumpsit in any court of competent jurisdiction to try the same."  § 2.  The statute gives a personal right of action, which vests in each cotenant at the time of the injury done, and is neither transferred nor defeated by any subsequent alienation of his interest in the land.

As to the question of joinder, we are also very clear.  Two or more *may* join in one action if they see fit to do so, but it is not *necessary* that they should join.  Indeed, in many cases it would effectually defeat the objects which the statute has in view.  The same reasoning which would make it necessary for all the injured persons to join as plaintiffs, would seem to make it necessary that all other cotenants who had acted together in causing the supposed injury, by felling timber, &c., should be joined as defendants.  Now if the

various cotenants were seized of various interests and proportions, and some of them had cut more and some less, it would be very difficult, if not impossible, to maintain a joint action.

There were some suggestions thrown out in the argument by the counsel for the defendant, which we will briefly notice. One point taken was, that as a doubt might be thought to exist whether the defendant had a title in the land, he could not be held under the statute of 1834, which relates only to parties who, as to real estate, are seized in coparcenery, in common, or in joint tenancy, and does not cover the case of a mere trespasser. The facts in this case do not sustain the objection, there being ample evidence to show that the defendant was a tenant in common. But, were it not so, he entered claiming title as a tenant in common, and that is sufficient *prima facie* evidence of such title in him to sustain the action.

It was said also, that the grantors of the plaintiff had, before deeding to him, taken off the land more than their proportion of wood and timber. How this may have been we do not know ; but if it were so, it could not affect his right to maintain the present action.

The opinion of this court therefore is, that in the common pleas court there should be

*Judgment for the plaintiff.*